WILLIAM A. SHREVE, surviving executor &c., appellant,

v.

WILLIAM McM. WAMPOLE, respondent.

After the residuary legatee of an estate had cited the executor to file an account, which was done, and had excepted thereto and also to the executor's amended accounts, he presented a petition to the orphans court alleging that the executor had converted all the available assets of the estate to his own

Shreve v. Wampole.

use; that he was a non-resident and insolvent, and asked that he might be removed. On the hearing of this petition, the court ordered the executor to file another account showing the securities in which he had invested the estate, and that he should also give additional bonds in $6,000, and that the further hearing of the matter be postponed to a designated day. He gave the bonds so required, and on the designated day, after evidence and hearing, was removed from office.—*Held*, that the order requiring him to give the additional security, and his compliance therewith, did not oust the court of its jurisdiction to remove him.

Appeal from order of Burlington orphans court.

*Mr. M. Hutchinson*, for appellant.

*Mr. W. P. McMichael, Jr.*, and *Mr. F. Voorhees*, for respondent.

THE ORDINARY.

The appellant and William C. Busby, now deceased, were executors of the will of Elizabeth Wampole, deceased. Busby died on or about January 1st, 1883. By a citation issued out of the Burlington orphans court April 7th, 1883, the appellant was called upon to render an account of the estate, or show cause, on the 23d of that month, why he had not done so. By a like citation, Busby's administrator was called upon to account for his intestate's administration of the estate. On that day the appellant filed his account. The respondent, who is the residuary legatee under the will, excepted to the account. Leave was given to the appellant to amend his account. He filed his amended account, and the respondent excepted to it. The respondent then, in May, 1883, filed his petition, charging that the appellant had abused the confidence reposed in him as executor, and alleging, among other things, that the appellant had converted into cash every interest-bearing security of the estate (among them were a government bond and a real estate mortgage), except a note of his own for $600, and applied the money, as the respondent feared, to his own use; that the appellant was a resident of California and only came to this state on occasional visits, and that he was, as the respondent (after full inquiry on

the subject) believed, insolvent. The petition prayed for his removal from office and the appointment of some fit person in his place. The appellant having been duly cited upon the petition, and the matter having been brought before the court, the court, by an order of July 17th, 1883, ordered that the appellant file an additional account on or before the 10th of August then next, showing in what securities he had invested the estate then in his hands, and that he give " further and additional security," in ten days from that date, by bond with two sureties named in the order, in the sum of $6,000, conditioned for the faithful discharge of his duties as executor, and that the further hearing of the matter be laid over until the 20th of September then next. On the 8th of October following, in the September term, the court, after a further hearing of the matter, by its order of that date, revoked his letters testamentary and removed him from office. From that order he appealed to this court.

The appellant insists that the court having, under the petition, required him to give bond for the faithful discharge of his duties, and he having, as it is said, given such bond, the court could not lawfully remove him under that petition. The evidence taken on the day of the date of the order appealed from, and on which it is based, abundantly warrants the order. The objection taken on the hearing of the appeal to the order, however, was not that the evidence is not sufficient to support it, but that the court had not jurisdiction to make it. The objection cannot be sustained. The petition prayed for the removal of the appellant. The court cited him to appear and answer it. On the return-day of the citation, it ordered that he give an account of the investments and give security, and that the further hearing of the matter be laid over to a designated future day. The requirement that the appellant give security was made in the exercise of the lawful authority of the court, and no complaint is made of it. There is no appeal from that order. The order was, of course, not a final disposition of the matter, for it required an account of the investments and postponed further action on the petition until the 17th of September. At the term of September, in pursuance of that continuance, the court resumed the

consideration of the matter, and it having been proved, as the order declares, to its satisfaction, that the appellant had misapplied portions of the estate committed to his custody, and had abused the trust and confidence reposed in him as executor, it revoked his letters and removed him from office. The question, as presented on the hearing of the appeal, is one of jurisdiction merely. The court, undoubtedly, had jurisdiction to make the order, and it was properly made on the merits. It will be affirmed, with costs.